IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JAMES JONES<br>On behalf of himself<br>and all others similarly situated,<br><br>         Plaintiff,<br>v.<br><br>CORPORATE BANK TRANSIT OF<br>KENTUCKY, INC., d/b/a CORPORATE<br>TRANSIT OF AMERICA<br><br>         Defendant. | Civ. No.: 13-CV-00484-BP |

**PLAINTIFF'S MOTION TO RECONSIDER HIS MOTION
FOR CLASS CERTIFICATION OF RULE 23 CLAIMS WITH
SUGGESTIONS IN SUPPORT**

COMES NOW Plaintiff, by and through his attorneys, and respectfully requests that this Court reconsider it April 20, 2015, Order denying Plaintiff's Motion for Class Certification of Rule 23 Claims ("Order") (Doc. 116). Plaintiff requests the court reconsider this order because Plaintiff did not have a fair opportunity to argue this matter previously and granting Plaintiff's request for reconsideration is necessary to correct significant errors. In support of Plaintiff's request for reconsideration, Plaintiff states as follows:

**I. Standard**

Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties…. may be revised at any time before the entry of judgment." FED. R. CIV. P. 54(b). The Court "has greater discretion to grant a motion to reconsider an interlocutory order than a motion to reconsider a motion brought pursuant to Rules 59(e) or 60(b)." *Disc. Tobacco Warehouse, Inc. v. Briggs Tobacco & Specialty Co.*, No. 3:09-CV-05078-DGK, 2010 U.S. Dist. LEXIS 91239, at

*2 (W.D.Mo. September 2, 2010). The Court may reconsider an interlocutory order if the moving party demonstrates "(1) that it did not have a fair opportunity to argue the matter previously, and (2) that granting the motion is necessary to correct a significant error." ***Id.***

## II. The Court Should Reconsider its Denial of Plaintiff's Motion for Class Certification of Rule 23 Claims

In its Order denying Plaintiff's Motion for Class Certification of Rule 23 Claims, the Court ruled "there is no way for Jones to show his claims are typical of the class or that he could fairly and adequately represent the class" because the Court had already ruled that Jones was properly classified as an independent contractor. However, the Court's misclassification ruling only addressed Jones' classification under the FLSA. (Count I as plead by Jones).

Respectfully, the Court's finding was in error because the parties have not briefed Jones' employee classification as to the Rule 23 claims under state law. Defendant only moved for dismissal of Jones' claims under Count I. ***Suggestions in Support of CTA's Motion for Partial Summary Judgment***, p. 1, n.1 (Doc. 95). The parties therefore briefed whether the representative plaintiff, James Jones, was an employee or independent contractor under the economic realities test used by the Eighth Circuit to analyze employee/independent contractor status for FLSA claims. The parties have not briefed whether James Jones is an employee or independent contractor for purposes of the Kansas Wage Payment Act ("KWPA") or the Missouri Minimum Wage Law ("MMWL"). Because Plaintiff has not had a fair opportunity to argue this matter, the Court must grant Plaintiff's motion to correct significant error.

The KWPA and MMWL both have definitions of "employee" and/or "employer" distinct from the FLSA definitions of "employee" and "employer." *See* K.S.A. § 44-313 ("'Employee' means any person allowed or permitted to work by an employer"); *see also* R.S.Mo. § 290.500 ("'Employee,' any individual employed by an employer…" and "'Employer,' any person acting

directly or indirectly in the interest of an employer in relation to an employee").

Kansas and Missouri courts also use distinct tests to determine whether a worker is an employee under the applicable state law. Significantly, Kansas Courts use a twenty-factor test to determine whether a worker is an employee or independent contractor under the KWPA. *See* ***Craig v. FedEx Ground Packaging Sys.***, 300 Kan. 788, 797, 335 P.3d 66 (2014). Missouri courts use a five-factor test to determine whether a work relationship qualifies as an employer-employee relationship to which the Missouri Minimum Wage Maximum Hour Law applies. *See* ***Tolentino v. Starwood Hotels & Resorts Worldwide, Inc.***, 437 S.W.3d 754, 758 (Mo. 2014).

Because the KWPA and MMWL require separate and distinct analyses, because Defendant did not move for summary judgment as to Plaintiff's state law claims, and because the parties have not briefed whether Plaintiff is an employee or independent contractor under the relevant state laws, the Court should not have denied Plaintiff's motion to certify Rule 23 class claims. Plaintiff's common law claims will undoubtedly require separate and distinct analysis as well.[1] Because the parties have not argued this matter, this Court must grant Plaintiff's request for reconsideration of the Court's denial of Plaintiff's Rule 23 motion for class certification to correct significant error.

**III.    Conclusion**

The Court erred in denying Plaintiff's motion for class certification of Rule 23 claims after considering only whether Plaintiff was properly classified as an independent contractor under the FLSA. Because Plaintiff has not had an opportunity to argue this matter and denial of Plaintiff's motion for class certification without properly deciding whether Plaintiff is an employee under the applicable state laws is a significant error, Plaintiff respectfully requests that

---

[1] Plaintiff is only asking the Court to reconsider its denial of class certification of Plaintiff's common law claims to the extent they are based on state law and not dependent on the FLSA.

this Court reconsider its Order denying Plaintiff's motion for class certification of his Rule 23 claims.

Dated: May 4, 2015

/s/ Kathryn S. Rickley
Matthew E. Osman MO # 60137
Kathryn S. Rickley MO # 59435
Osman & Smay LLP
8500 W. 110th Street, Suite 330
Overland Park, KS 66210
913-667-9243 (phone)
866-470-9243 (fax)
mosman@workerwagerights.com
krickley@workerwagerights.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 4, 2015, Plaintiff served the above and foregoing in accordance with the Federal Rules of Civil Procedure and/or the Local Rules upon the following parties via CM/ECF:

Hillary Klein
Paul F. Pautler, Jr.
Husch Blackwell LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
816-983-8000 (Tel)
816-983-8080 (Fax)
Hillary.Klein@huschblackwell.com
paul.pautler@huschblackwell.com

**ATTORNEYS FOR DEFENDANTS**

s/ Kathryn S. Rickley
**Attorney for Plaintiff**