UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| JAMES JONES, on behalf of himself and other similarly situated individuals, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:13-CV-00484-BP |
| CORPORATE BANK TRANSIT OF KENTUCKY, INC. d/b/a CORPORATE TRANSIT OF AMERICA | ) ) ) ) ) | |
| Defendant. | ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO RECONSIDER HIS MOTION FOR CLASS CERTIFICATION OF RULE 23 CLAIMS

In Plaintiff's Motion to Reconsider, Plaintiff claims he did not "have a fair opportunity to argue" his motion for Rule 23 conditional certification. Such statement is puzzling given that Plaintiff filed a 46 page motion (Docket No. 93) and a 25 page reply brief (Docket No. 113) related thereto.

Plaintiff next argues that the Court erred when it based its Rule 23 Conditional Certification denial upon its decision that Jones was properly classified as an independent contractor. Plaintiff faults the Court for doing exactly what Plaintiff asked it to do: conflating his Rule 23 obligations related to his state law claims with his ability to satisfy Rule 23's requirement with respect to the question of whether or not he and the purported class members are independent contractors. Indeed, in his Motion for Conditional Certification of Rule 23 Claims, Plaintiff explicitly states that his state law claims arise out of Defendant's policy of classifying drivers as independent contractors:

> This is a "hybrid" action in that the Named Plaintiff asserts representative claims under claims under the FLSA, KWPA, MMWL, and pursuant to the common law. Plaintiff's ***claims all arise out of CTA's policy***, practice, and/or procedure, that has been applied

uniformly across CTA's operators throughout the United States, **to classify Drivers as independent contractors**.

Docket No. 93 at p. 4 (emphasis added).

Defendant pointed out ***Plaintiff's*** conflation of these issues in its response brief:

> In this case, Plaintiff seeks conditional certification of claims purportedly arising pursuant to (1) the Kansas Wage Payment Act ("KWPA"), (2) the Missouri Minimum Wage Law ("MMWL"), and (3) the common law of every state where CTA operates, under the theories of (a) breach of contract, (b) quantum meruit, (c) promissory estoppel, and (d) unjust enrichment. However, Plaintiff fails to outline the elements necessary to prove his claims (and fails to mention that his common law claims will be governed by the laws of dozens of states). ***Instead, Plaintiff generically (and incorrectly) suggests that Plaintiff has met his Rule 23 burdens with respect to the question of whether or not he and the purported class members are independent contractors.*** Of course, even if he has (which is adamantly denied), "improper classification as an independent contractor" is not in and of itself a state law cause of action, and Plaintiff has not even attempted to explain how and why establishing that he has met the Rule 23 prerequisites with respect to his claim that Drivers were improperly classified as independent contractors would somehow render his individual state law claims appropriate for class treatment.

Docket No. 105 at p. 12.

> Plaintiff spends exactly one page of his brief arguing that there is "commonality", all the while omitting any discussion of *Dukes,* citing only pre-*Dukes* cases, relying on faulty evidence, and omitting any discussion whatsoever about his underlying claims. ***In doing so, Plaintiff focuses on whether Drivers were properly classified as independent contractors, without ever explaining how such classification plays into his state law claims.***

*See* Docket No. 105 at pp. 18-19.

Plaintiff cannot now complain about the Court conflating that standards as he requested it do. But he does. Plaintiff now argues that the Court should have conducted a merits based analysis of Plaintiff's claims brought pursuant to the KWPA, the MMPA, and the common law of dozens of states, to conclude whether Plaintiff satisfied the *Dukes* requirements necessary to grant "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013)

(quoting *Dukes*, 131 S. Ct. at 2551-52). The problem with this argument, however, is that Plaintiff never provided the Court what it needed to conduct such a merits-based analysis: again, he merely suggested that each claim arose out of the misclassification of drivers as independent contractors. Plaintiff has ***never*** outlined the elements necessary to prove his claims of KWPA violations, MMPA violations, common law breach of contract (in every state where CTA operates), common law quantum meruit (in every state where CTA operates), common law promissory estoppel (in every state where CTA operates), and common law unjust enrichment (in every state where CTA operates). Indeed, nowhere has Plaintiff never explained his legal theory for any one of these claims.

The closest Plaintiff ever got to outlining a legal theory for any of his is in Docket No. 113 at p. 12 where he addresses an argument Defendant made about his KWPA claim. Therein, he cites case law stating that the FLSA can be the legal basis for a KWPA claim. *See* Docket No. 113 at p. 12. In other words, as it relates to his KWPA claim, he explicitly admits that the claim is derived from his FLSA claim. Regarding his other state law claims, he provides absolutely no explanation – not in his opening brief, his reply brief, or in his motion for reconsideration.[1] In his failure, Plaintiff has rendered it impossible for the Court to conduct a merits based analysis, and thus has neglected his burden.

---

[1] In his Motion to Reconsider, Plaintiff states that Kansas and Missouri use different tests than the FLSA test for determining independent contractor status. But Plaintiff never analyzed those standards in his Rule 23 Motion. Instead, he generically referenced independent contractor status. Moreover, he has not explained the standards applicable in the numerous other states whose laws he seeks to apply and/or explained how the Court could group the claims where the laws differ. Finally, and perhaps most importantly, he has never (not in his Motion to Reconsider or elsewhere) explained his legal theories behind how the independent contractor status relates to his state law claims. The Court cannot possibly be expected to conditionally certify a class when it does not know what has to be proven by Plaintiff and the putative class members with respect to each claim.

There are many other reasons why Plaintiff's Rule 23 Motion should be denied. Defendant will not regurgitate its Rule 23 opposition here, but instead refers the Court to Defendant's Opposition to Plaintiff's Motion for Rule 23 Conditional Certification at Docket No. 105.

Finally, Plaintiff attempts to further confuse the issue by analyzing the issue of summary judgment with the Rule 23 briefing. Plaintiff suggests that there is way for the Court to properly deny Rule 23 conditional certification because the parties have not yet briefed summary judgment as to the state law claims. This argument is misplaced. At the conditional certification stage, the Court must conduct a rigorous analysis to determine whether Plaintiff has met the Rule 23 requirements. While that analysis "will entail some overlap with the merits of plaintiff['s] underlying claim[s]," the Court need to make a decision on summary judgment. For the reasons outlined in Docket No. 105, Plaintiff has failed to meet his Rule 23 burden.

For these reasons and the reasons outlined in Defendant's Opposition to Plaintiff's Motion for Rule 23 Conditional Certification (Docket No. 105), Defendant respectfully requests that the Court deny Plaintiff's Motion for Reconsideration.

Respectfully submitted:

/s/ Hillary L. Klein
Paul F. Pautler, Jr.      MO Bar No. 38057
Hillary L. Klein          MO Bar No. 53499
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, Missouri  64112
(816) 983-8000 Telephone
(816) 983-8080 Facsimile
paul.pautler@huschblackwell.com

**ATTORNEYS FOR DEFENDANT CORPORATE BANK TRANSIT OF KENTUCKY, INC. d/b/a CORPORATE TRANSIT OF AMERICA**

## CERTIFICATE OF SERVICE

This is to certify that on the 21st day of May, 2015, a copy of the above and foregoing was served via the Court's electronic (ECF) notification system to:

Matt Osman
Katie S. Rickley
OSMAN & SMAY LLP
8500 W. 110th St., Suite 330
Overland Park, KS 66210
**ATTORNEYS FOR PLAINTIFF**

/s/ Hillary L. Klein
Attorney for Defendant