IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JAMES JONES<br>On behalf of himself<br>and all others similarly situated,<br><br>                            Plaintiff,<br>v.<br><br>CORPORATE BANK TRANSIT OF<br>KENTUCKY, INC., d/b/a CORPORATE<br>TRANSIT OF AMERICA<br><br>                            Defendant. | Civ. No.: 13-CV-00484-BP |

**PLAINTIFF'S REPLY MEMORANDUM IN FURTHER SUPPORT OF HIS
MOTION TO RECONSIDER HIS MOTION FOR CLASS CERTIFICATION OF
RULE 23 CLAIMS WITH SUGGESTIONS IN SUPPORT**

COMES NOW Plaintiff, by and through his attorneys, and respectfully submits his reply memorandum in further support of *Plaintiff's Motion to Reconsider his Motion for Class Certification of Rule 23 Claims with Suggestions in Support* ("*Motion to Reconsider*") (Doc. 117). In further support thereof, Plaintiff states as follows:

**I.    INTRODUCTION**

On October 15, 2014, Defendant moved for partial summary judgment as to Count I in so far as it relates to Plaintiff James Jones.[1] *CTA's Motion for Partial Summary Judgment* ("*D's MSJ*") (Doc. 94). On that same day, Plaintiff filed a renewed motion for conditional class certification ("*MCCC*") pursuant to the Fair Labor Standards Act ("FLSA") (Doc. 90) and a motion for class certification ("*MCC*") pursuant to the Federal Rule of Civil Procedure 23 (Doc. 91). *D's MSJ* asked the Court to dismiss Count I as to Plaintiff Jones on the basis that he was

---

[1] Defendant has not yet moved to dismiss the other Plaintiff, Cory Null, who became a party plaintiff as to Count I pursuant to 29 U.S.C. § 216(b) on April 2, 2014 (Doc. 51).

1

not an "employee" within the meaning of the FLSA. *See* ***D's MSJ*** (Doc. 94) & ***Suggestions in Support of CTA's Motion for Partial Summary Judgment*** ("***Memo to D's MSJ***") (Doc. 95). Although, Defendant has informed the Court that it intends to file a motion for summary judgment as to the remaining counts, Defendant's only motion for summary judgment in this matter relates solely to Plaintiff James Jones' FLSA claims. *See* ***Memo to D's MSJ***, fn 1 (Doc. 95).

On April 20, 2015, this Court entered its order granting ***D's MSJ*** and denying Plaintiff's ***MCC*** and ***MCCC***. ***Order*** (Doc. 116). Plaintiff Jones filed this lawsuit on the basis that he was improperly classified as an independent contractor and was therefore not paid properly under both state (Kansas and Missouri) and federal (FLSA) law. ***Amended Complaint*** (Doc. 5). Specifically, Plaintiff's ***Amended Complaint*** contains eight separate counts and only one of which is brought pursuant to the FLSA. *Id.* Count I is brought as an FLSA collective action, but all other claims are brought pursuant to state law as a Rule 23 class action: Count II – Claim for unpaid minimum and overtime wages pursuant to the KWPA; Count III – Claim for wrongfully deducted wages pursuant to the KWPA; Count IV – Claim for unpaid minimum and overtime wages pursuant to the MMWL; Count V – Claim for breach of contract; Count VI – Claim for Quantum Meruit; Count VII - Claim for promissory estoppel; and Count VIII – Claim for unjust enrichment. *Id.* In its April 20, 2015 Order, this Court acknowledged that courts typically utilize an "economic realities test" to determine whether a plaintiff is an employee pursuant to the FLSA. ***Order***, p. 7-8 (Doc. 116). The Court then analyzed the economic realities test to determine whether Plaintiff James Jones was properly classified as an independent contractor pursuant to the FLSA and ultimately determined that, pursuant to the economic realities test, Plaintiff "Jones is not economically dependent upon CTA and, therefore, is an independent

2

contractor." *Id.* p. 14 (Doc. 116). Thereby, this Court dismissed Plaintiff Jones' FLSA claims set forth in Count I of the ***Amended Complaint*** and summarily denied the ***MCC*** and ***MCCC*** on the basis of its finding that Plaintiff Jones is an independent contractor pursuant to the FLSA.

Plaintiff's ***Motion to Reconsider*** asks this Court to reconsider its decision to deny Plaintiff's ***MCC*** on the basis of its finding that Plaintiff Jones is an independent contractor for purposes of the FLSA because the economic realities test, used to arrive at that finding, is not the appropriate test to determine employee status pursuant to the applicable state law. In pertinent part, this Court stated that "[b]ecause the Court finds that Jones was not improperly classified [pursuant to the economic realities test], there is no way for Jones to show his claims are typical of the class or that he could fairly and adequately represent the class." ***Order***, p. 15 (Doc. 116). Plaintiff's ***Motion to Reconsider*** simply points out that the "economic realities test" is not the proper test to determine whether Plaintiff Jones was properly classified as an independent contractor pursuant to state law, but rather a far more rigorous analysis is required. Therefore, as set forth within Plaintiff's ***Motion to Reconsider*** and herein, this Court cannot use the finding that Plaintiff Jones was an independent contractor under the FLSA to deny his ***MCC*** because a more rigorous test to determine whether Plaintiff is an employee applies under state law.

II. ARGUMENT

    a. **The Economic Realities Test Does Not Apply to Plaintiff Jones' State Law Claims.**

The economic realities test, used by this Court to find that Plaintiff Jones is an independent contractor pursuant to the FLSA is not applicable to Plaintiff Jones' Kansas Wage Payment Act ("KWPA") or Missouri Minimum Wage Maximum Hour Law ("MMWL") claims. In ***Craig v. FedEx Ground Packaging Sys.***, the Kansas Supreme Court rejected the economic realities test and held that:

3

> Given the KWPA's purpose and plain language, the regulations promulgated to govern the administration of the KWPA, and our long-standing adherence to the right to control test in determining employer/employee relationships, we discern that the 20-factor test as restated above is the tool to be used in Kansas to determine whether an employer/employee relationship exists under the KWPA.

***Craig v. FedEx Ground Packaging Sys.***, 300 Kan. 788, 797-798 (2014). Pursuant to the twenty-factor right to control test, the following factors must be applied to determine whether or not Plaintiff Jones was an employee or an independent contractor:

1) Employer's right to require compliance with instructions;
2) Extent of training provided by employer;
3) Degree of integration of the worker's services into the business of the employer;
4) Requirement that the services be provided personally by the worker;
5) Extent to which the worker hires, supervises, and pays assistants;
6) Existence of a continued relationship between the worker and the employer;
7) Employer's establishment of set work hours;
8) Requirement that worker devote full-time to the employer's business;
9) Degree to which the work is performed on the employer's premises;
10) Degree to which the employer sets the order and sequence of work;
11) Requirement that the worker submit regular or written reports to the employer;
12) Manner of payment to the worker;
13) Extent to which employer pays worker's business or travel expenses;
14) Degree to which employer furnishes tools, equipment, and material;
15) Extent of investment by the worker;
16) Ability of the worker to make a profit or suffer a loss;
17) Whether the worker can work for more than one firm at a time;
18) Whether the worker makes his or her services available to the general public on a regular and consistent basis;
19) Whether the employer has the right to discharge the worker; and
20) Whether the worker has the right to terminate the relationship at any time without incurring liability.

***Id.*** at 797. The economic realities test, applied by this Court in relation to Plaintiff Jones' FLSA claims only addresses six of the twenty factors within the KWPA right to control test. *See **id.*** (drawing analogy between economic realities test and right to control test in relation to factors 1, 3, 6, 14, 15, and 16). This test must be reviewed based upon the totality of the circumstances. ***Id.*** at 823. Given that this Court's decision that Plaintiff Jones was an independent contractor

4

was based solely upon analysis of the economic realities test, this Court cannot hold, without analyzing the other fourteen factors that he is an independent contractor for purposes of the KWPA such that typicality could not be established for purposes of Rule 23.

The economic realities test, used by this Court in finding that Plaintiff Jones is an independent contractor pursuant to the FLSA is also inapplicable to Plaintiff Jones' MMWL claims. The Missouri Supreme Court has held that in determining "whether a particular work relationship qualifies as an employer-employee relationship to which the MMWL applies" depends upon analysis of a five-factor test. ***Tolentino v. Starwood Hotels & Resorts Worldwide, Inc.***, 437 S.W.3d 754, 758 (Mo. 2014). Missouri's five factor test asks whether the putative employer 1) had the power to hire and fire the worker; 2) supervised or controlled the worker's schedule and working conditions; 3) determined the rate and method of payment of the worker; 4) whether the putative employer maintained work records; and 5) finally, whether the putative employers' premises and equipment were used for the plaintiff's work. *See id.* In this case, the economic realities test used by this Court in determining that Plaintiff Jones was an independent contractor under the FLSA has none of the factors that are utilized in determining whether Plaintiff Jones was an employee under the MMWL. Therefore, given that the test to determine employee status pursuant to the MMWL is so vastly different from the economic realities test used to determine employee status under the FLSA, this Court's ruling as to the economic realities test has no bearing and should not be used to hold that typicality under Rule 23 cannot be established.

Contrary to Defendant's assertion, Plaintiff is not asking the Court to review the merits of Plaintiff Jones' Rule 23 claims, but merely asks that this Court refrain from applying its analysis of the FLSA claim to his Rule 23 claims because they would, upon a motion for summary

5

judgment, be analyzed pursuant to much more rigorous analysis. As stated throughout Plaintiff's *MCC*, review of the merits is not appropriate at the class certification stage. ***Doran v. Missouri Department of Social Servs.***, 251 F.R.D. 401, 405-406 (W.D. Mo. 2008) ("at the class certification stage the Court may not go into the merits"). In this case, Defendant has only moved for summary judgment as to one of the Plaintiffs and in relation only to that plaintiff's FLSA claim. The Court ultimately ruled that, pursuant to the economic realities test, that Plaintiff was not an employee for purposes of the FLSA. That holding, in the context of a wage and hour claim, is simply not applicable to Plaintiff Jones' claims pursuant to the KWPA and MMWL. Therefore, this Court should not have used its ruling on FLSA employee status to analyze the typicality requirement applicable under Rule 23 to his state law claims.

### b. Defendant's Response Misconstrues Plaintiff's Motion to Reconsider.

Defendant's response either reflects a profound misunderstanding of Plaintiff's ***Motion to Reconsider*** or, more likely, is simply an attempt to confuse this Court as to the issues raised in Plaintiff's motion. First, Defendant's response wholly fails to address the fact that the economic realities test does not apply to Plaintiff's state law claims. Second, Defendant inaccurately asserts that Plaintiff is asking for a merits-based review of the viability of Plaintiff's Rule 23 claims even though Plaintiff specifically stated in his *MCC* that the Court should not go into the merits. *Compare* ***Defendant's Response to Plaintiff's Motion to Reconsider his Motion for Class Certification of Rule 23 Claims*** ("***D's Response to Reconsideration***"), p. 2 (Doc. 118) ("Plaintiff now argues that the Court should have conducted a merits based analysis . . . .") *with* ***Plaintiff's Memorandum of Law in Support of Motion for Class Certification of Rule 23 Claims*** ("***Memo to MCC***"), p. 29 (Doc. 93) ("at the class certification stage the Court may not go into the merits"). As Plaintiff previously stated, Plaintiff is not asking the Court to review the

6

merits of Plaintiff Jones' Rule 23 claims, but merely asks that this Court refrain from applying its analysis of the FLSA claim to his Rule 23 claims because they would, upon a motion for summary judgment, be analyzed pursuant to much more rigorous analysis. Finally, Defendant misrepresents to this Court that Plaintiff admitted that his Rule 23 claims are derived from the FLSA. *Compare* **D's Response to Reconsideration**, p. 3 (Doc. 118) *with* **Memo to MCC**, p. 4-5 ("As a result of this classification [as independent contractors], . . . Drivers were denied the protections typically afforded to employees, such as the right to receive a minimum wage and overtime compensation *as well as to have their compensation free from unlawful deduction*.") (emphasis added). In addition to claims for unpaid minimum wage and overtime, Plaintiff's Rule 23 claims allege that Defendant was making unlawful deductions from Drivers' wages, a claim that is not at all dependent upon the FLSA, and also included breach of contract, promisory estoppel, and unjust enrichment claims, all of which would be analyzed pursuant to a different standard. Defendant has completely failed to address the issue relevant to this motion: Whether this Court should reconsider its decision to deny Rule 23 class certification based upon the Court's finding that Plaintiff is not an employee pursuant to the FLSA when a different test for determining employee status is applicable to the Rule 23 claims. Given that Defendant has not addressed Plaintiff's arguments and that all of Defendant's arguments about Plaintiff's legal position are patently false, Plaintiff respectfully requests that this Court disregard the entirety of **D's Response to Reconsideration** and rule in Plaintiff's favor.

### III. CONCLUSION

For the reasons set forth in Plaintiff's **Motion to Reconsider** and herein, this Court erred in relying on its ruling pursuant to the economic realities test to find that Plaintiff Jones' Rule 23 claims lacked typicality because the economic realities test is not applicable to the question of

7

whether Plaintiff Jones is an employee pursuant to his state law claims. Plaintiff therefore respectfully requests that this Court reconsider its April 20, 2015 *Order* and then fully review and decide Plaintiff's *MCC* without regard to its rulings pursuant to the FLSA.

Dated: June 5, 2015

/s/ Matthew E. Osman
Matthew E. Osman MO # 60137
Kathryn S. Rickley MO # 59435
Osman & Smay LLP
8500 W. 110th Street, Suite 330
Overland Park, KS 66210
913-667-9243 (phone)
866-470-9243 (fax)
mosman@workerwagerights.com
krickley@workerwagerights.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2015, Plaintiff served the above and foregoing in accordance with the Federal Rules of Civil Procedure and/or the Local Rules upon the following parties via CM/ECF:

Hillary Klein
Paul F. Pautler, Jr.
Husch Blackwell LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
816-983-8000 (Tel)
816-983-8080 (Fax)
Hillary.Klein@huschblackwell.com
paul.pautler@huschblackwell.com

**ATTORNEYS FOR DEFENDANTS**

s/ Matthew E. Osman
**Attorney for Plaintiff**