# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JAMES MICHAEL JONES, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 13-00484-CV-W-BP |
| ) | |
| CORPORATE BANK TRANSIT OF ) | |
| KENTUCKY, INC., ) | |
| d/b/a CORPORATE TRANSIT OF ) | |
| AMERICA, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter comes before the Court on Plaintiff's Motion to Reconsider his Motion for Class Certification of Rule 23 Claims, (Doc. 117). For the following reasons, Plaintiff's Motion is **DENIED.**

### I.   BACKGROUND[1]

Plaintiff filed a Motion for Class Certification of Rule 23 Claims, (Doc. 91), seeking certification of four subclasses based upon Fair Labor Standards Act ("FLSA"), Kansas Wage Payment Act ("KWPA"), Missouri Minimum Wage Law ("MMWL"), and other state laws as follows:

> a. All current and former Drivers, and others with similar job titles, duties and compensation structures, who worked for [Defendant] CTA in Kansas at any time between May 10, 2008 and the present and were classified as Independent Contractors in violation of the FLSA and/or Kansas law and denied minimum wages for all hours worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty in a workweek in violation of the KWPA.
>
> b. All current and former Drivers, and others with similar job titles, duties and compensation structures, who worked for [Defendant] CTA in Kansas at any time between May 10, 2008 and the present and were classified as Independent

---

[1] The Court incorporates its April 20, 2015 Order and only restates the relevant portions here.

> Contractors in violation of the FLSA and/or Kansas law and whose wages were subject to unlawful deductions in violation of the KWPA.
>
> c. All current and former Drivers, and others with similar job titles, duties and compensation structures, who worked for [Defendant] CTA in Missouri at any time between May 10, 2011 and the present and were classified as Independent Contractors in violation of the FLSA and/or Missouri law and denied minimum wages for all hours worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty in a workweek in violation of the MMWL.
>
> d. All current and former Drivers, and others with similar job titles, duties and compensation structures, who worked for [Defendant] CTA anywhere within the United States at any time between May 10, 2008 and the present and were classified as Independent Contractors in violation of the FLSA and/or state law and denied minimum wages for all hours worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty in a workweek and/or whose compensation was deducted in violation of common law principals of law and equity. ["Common Law Subclass"]

(Doc. 93, p. 5-6.)

On April 20, 2015, the Court entered an Order which in part denied class certification of Rule 23 claims. (Doc. 116.) In that Order, the Court determined that Plaintiff had not established that he was improperly classified as an independent contractor under the FLSA, thus his claims would not be typical of the proposed class members included in the class categories. (Doc. 116, p. 15.) Plaintiff contends that this ruling was in error because the employment status analysis under FLSA is different and distinct from the analysis under Kansas, Missouri, and other state laws. Therefore, Plaintiff requests the Court to reconsider its previous Order. Defendant contends that Plaintiff never set forth the relevant tests under the various state laws or discussed class certification under those laws, thus class certification was inappropriate and properly denied. The Court takes up these issues below.

## II. STANDARD OF REVIEW

A motion for reconsideration is not specifically provided for in the Federal Rules of Civil Procedure. "Typically, courts construe a motion to reconsider as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from a final judgment, order, or proceeding under Rule 60(b)." *Jo Ann Howard & Assocs., P.C. v. Cassity*, 2014 WL 3476937, at *3 (E.D. Mo. July 15, 2014). Rule 59(e) applies only to altering or amending judgments. The Court's prior Order, (Doc. 116), was not a "judgment," and therefore the Court construes Defendant's Motion as one seeking relief pursuant to Rule 60(b).

Rule 60(b) permits a court to relieve a party from an order for mistake, inadvertence, surprise, or excusable neglect; or for any other reason that justifies relief. "Relief under Rule 60(b) is an extraordinary remedy and will be justified only under exceptional circumstances." *Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., Inc.*, 413 F.3d 897, 903 (8th Cir. 2005) (citation and internal marks omitted). "Relief is available [for any other reason that justifies relief] under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005).

In the alternative, Plaintiff contends that because the Order was interlocutory and did not fully adjudicate the case, the Court has broader discretion to reconsider the Order than provided under Rule 59(e) or 60(b). Thus, Plaintiff argues the Court may reconsider its Order if Plaintiff did not have a fair opportunity to argue the matter and reconsideration is necessary to correct a significant error. *See Disc. Tobacco Warehouse, Inc. v. Briggs Tobacco & Specialty Co.*, 2010 WL 3522476, at *2 (W.D. Mo. Sept. 2, 2010) (a court "has greater discretion to grant a motion to reconsider an interlocutory order than" motions to reconsider under Rules 59(e) or 60(b)). Under

3

either standard, the Court finds no basis to reconsider denial of class certification. However, the Court provides additional discussion of class certification to ensure a full record has been made.

### III. DISCUSSION

Plaintiff begins by arguing he has not had a full and fair opportunity to brief his request for certification of the four subclasses under Rule 23. (*See* Doc. 117, p. 2.) However, the Court notes that both Plaintiff and Defendant fully briefed this issue in connection with Plaintiff's Motion for Class Certification of Rule 23 Claims. (Docs. 91, 93, 105, 113.) Thus, any contention that the issue has not been fully addressed is without merit.

The Court further notes that Plaintiff's current Motion shifts his theory of the case. As pointed out by Defendant, Plaintiff's original request for class certification did not delineate the state claims from the FLSA claim, and instead characterized his various claims as tied together. For example, all four suggested subclasses include employees who were classified as independent contractors "in violation of the FLSA and/or" a relevant state law, despite seeking a separate class action under 29 U.S.C. § 216(b) for his FLSA claim. (Doc. 93, p. 5-6.) Further, Plaintiff described the claim as a 'hybrid' action "under FLSA, KWPA, MMWL, and pursuant to the common law." (*Id* at 4.) In addition, Plaintiff noted that his KWPA claims are "based on violations of the FLSA." (Doc. 113, p. 12.) Thus, Plaintiff originally argued the claims were tied to each other and should be analyzed together and the Court did so. However, Plaintiff now argues that these claims were always separate claims under FLSA, KWPA and MMWL that must be analyzed under each separate body of law. In order to ensure the certification issue has been fully considered, the Court provides separate analysis of class certification of the state law claims below.

### A. Rule 23 Class Certification Standard

"The class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2550 (2011) (internal marks and quotation omitted). In order to certify a class under Rule 23, the proposed classes must first satisfy the prerequisites of numerosity, commonality, typicality, and adequacy. *See* Fed. R. Civ. P. 23(a). "A party seeking class certification must affirmatively demonstrate his compliance" with Rule 23 and must be able to factually demonstrate the prerequisite are met. *Dukes*, 131 S. Ct. at 2551. Further, after satisfying the prerequisites, Plaintiff must also demonstrate the proposed class falls into one of the three categories set out in Rule 23(b). Here, Plaintiff requests certification under Rule 23(b)(3), which requires that common questions predominate over individual questions and that class certification is superior to other means of resolving the disputes.

As discussed in the previous Order, the Court found Plaintiff failed to satisfy these prerequisites, particularly typicality. After reviewing the Plaintiff's original briefing for certification under Rule 23 and the briefing for the instant Motion, the Court finds no basis for certifying the four subclasses based upon an independent analysis under state laws.

### B. Commonality

Because the parties do not dispute that there are sufficient potential class members to fulfill the numerosity requirement, the Court does not address that issue and moves to commonality. "Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury[.]" *Dukes*, 131 S. Ct. at 2550 (citation and internal quotation omitted). "That common contention, moreover, must be of such a nature that it is capable of classwide

resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.*

The Court first addresses commonality in relation to the Common Law Subclass, subclass d, because Plaintiff has offered little to support its certification. The definition of this subclass includes state wage and hour claims similar to those raised under Missouri and Kansas laws, but would also include multiple common law claims as well.[2] Plaintiff has not discussed what states would be involved, the relevant law of those states, how the laws could be grouped, or how variations could be addressed. Moreover, Plaintiff acknowledged that certification of a nationwide class requires uniform law. (Doc. 113, pp. 12-13 (citing the following: "'[I]f a claim is based on a principle of law that is uniform among the states, class certification is a realistic possibility." *Klay v. Humana, Inc.*, 382 F.3d 1241, 1262 (11th Cir. 2004) (abrogated on other grounds)[.]").) Yet Plaintiff has made no attempt to demonstrate that the laws related to this subclass are uniform. Because Plaintiff has not addressed any law regarding the Common Law Subclass, Plaintiff has not met his burden to demonstrate that commonality is present for the subclass. Thus, the Court finds no basis for certification of the Common Law Subclass.

As for the remaining three subclasses, Plaintiff again fails to show that class certification would lead to common answers for the class members under the KWPA and the MMWL. Plaintiff seems to equate classification of drivers as independent contractors with violating the law. Throughout his briefing, Plaintiff indicates Defendant's policy or practice of classifying drivers as contractors gives rise to his and the potential class members' claims. (*See e.g.* Doc. 113, p. 15.) However, this policy or practice is not per se illegal. The Defendant's policy of contracting with drivers instead of employing them, without more, cannot establish that

---

[2] Plaintiff's Amended Complaint has claims for breach of contract, quantum meruit, promissory estoppel, and unjust enrichment.

Defendant violated state law. *See Craig v. FedEx Ground Package System, Inc.*, 335 P.3d 66, 73-74 (Kan. 2014) (noting "[i]ndependent contractors are specifically excluded from the definition of employee" under the KWPA.); *see* Mo. Rev. Stat. §§ 290.502, 290.505 (minimum wage and overtime laws apply to employees). Therefore, Plaintiff's burden is not simply to show that Defendant generally contracted with drivers in a similar fashion. Instead, Plaintiff must demonstrate that Defendant's classification of the putative class members was inaccurate, and resulted in improper compensation of the putative class members.

To the extent Plaintiff attempts to make this demonstration, the evidence provided is insufficient. Plaintiff submits affidavits from himself, another class member, and a local area manager indicating drivers were not properly compensated. Plaintiff argues that evidence, and Defendant's general policies, is sufficient evidence to support certification of subclasses with approximately 4,000 members. The Court finds these affidavits cannot support Plaintiff's claim that drivers company-wide were actually employees and were improperly paid. *See Dukes*, 131 S. Ct. at 2556 (holding "120 affidavits reporting experiences of discrimination—about 1 for every 12,500 class members" provided insufficient evidence of a companywide discriminatory policy). Moreover, Plaintiff offered affidavits from the same individuals in support of his Motion for Conditional Certification to support certification of a national class under the FLSA. (Doc. 40.) At that time, the Court found the affidavits were insufficient to support national certification. (Doc. 69, p. 4.) Despite engaging in discovery for nine months, Plaintiff's Rule 23 Motion includes no additional support from other drivers indicating that they were improperly compensated. Based upon Plaintiff's evidence, the Court cannot certify state-wide subclasses.

In short, Plaintiff has not provided evidence of a per se illegal policy or practice, and has provided scant evidence to support widespread improper compensation to justify certification of

7

a class. For these reasons, certification of the KWPA and MMWL Subclasses inappropriate. Because typicality and adequacy cannot be addressed if there is no commonality, the Court does not analyze the prerequisites further.

### C. Common Questions Predominate

Finally, even if Plaintiff had satisfied the prerequisites of Rule 23(a), Plaintiff's argument that common questions predominate over individual questions, as required by Rule 23(b)(3), similarly fails. The "predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997).

Plaintiff indicates that drivers were improperly classified without any reference to how class litigation would lead to common answers under various state laws. Plaintiff now indicates that Missouri and Kansas each evaluate different lists of factors to determine whether an independent contract is actually an employee. However, beyond indicating Defendant's drivers were subject to similar contracts and payment, Plaintiff has not indicated how the analysis of his claims would lead to answers for other drivers who drove different routes for different customers in various industries and were paid at different rates based upon the route. For example, Plaintiff drove routes for bank customers, while other drivers drove routes for automotive parts customers or film company customers. Plaintiff does not discuss how the differences between the various customers served by Defendant's drivers would affect a class action, particularly in light of the fact specific inquiry required for evaluating whether independent contractors are actually employees under Kansas and Missouri law. (*See* Doc. 119, pp. 4-5.) Further, as discussed above, the lack of evidence from drivers who drove for other customers, worked for other managers, or at different time periods makes it difficult for the Court to conclude that the

proposed class members would be sufficiently cohesive.  In addition, Plaintiff does not address variations in the contracts between drivers and Defendant, including Defendant's contention that some contracts include arbitration clauses.  Thus, it is unclear whether common questions predominate and whether a class action could generate class-wide answers regarding the relationship between the proposed class members and Defendant.  Again, Plaintiff has failed to meet his burden to demonstrate a class action is warranted pursuant to Rule 23(b)(3).  For these reasons, the Court finds it properly denied class certification, and declines to reconsider its prior Order.

## IV.   CONCLUSION

Accordingly, Plaintiff's Motion to Reconsider his Motion for Class Certification of Rule 23 Claims, (Doc. 117), is **DENIED**.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
UNITED STATES DISTRICT COURT

DATE:  September 22, 2015